UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

Deanna Tranchmontagne,

        Plaintiff,

vs.

United States Department of Housing and Urban Development,
Michigan State Housing Development Authority, Gary
Heidel, Acting Director,

        Defendants.

Case: 2:20-cv-12842
Judge: Borman, Paul D.
MJ: Altman, Kimberly G.
Filed: 10-20-2020 At 01:40 PM
CMP DEANNA TRANCHMONTAGNE V
US DEPT OF HOUSING ET AL (SS)

---

## COMPLAINT

### Federal law violations:
### ADA violations, FHA violations, Rehabilitation Act violations

This is my complaint:

1. I am a resident of the City of Roseville and State of Michigan. I live at 15841 Dort Street, Roseville, Michigan with Mr. Jerome Carleton the father of my disabled daughter and Ashley Carleton, my disabled daughter. MSHDA is aware of the fact that we all reside at this location (with approval).

2. Since June, 2017 I have been accepted into Section 8 Housing and provided a voucher, which pays a substantial portion of my monthly rent. Without section 8 assistance, we as a family will suffer eviction and homelessness.

3. Section 8 Housing is provided to me through the Federal Government, HUD and a HUD grant. The grant (rental assistance) is administered through the Michigan State Housing Development Authority (MSHDA) with Szajna and Associates assisting in processing and administering the grant.

4. The federal government provides rental assistance for low and moderate

income families, the elderly, and the disabled through what is known as "the section 8 program." Congress added the section 8 program to the United States Housing Act of 1937 in 1974 by enacting the Housing and Community Development Act of 1974, Pub.L. No. 93-383, § 201(a), 88 Stat. 633, 662-66 (1974) (codified as amended at 42 U.S.C. § 1437f). The express congressional "purpose" of the section 8 program is "aiding low-income families in obtaining a decent place to live and . . . promoting economically mixed housing." 42 U.S.C. § 1437f(a). The program is managed federally by HUD, and administered locally by public housing authorities ("PHA"). Section 8 tenants must sign a lease and pay a portion of their income toward rent. The remainder of the rent charge is paid by PHA pursuant to a housing assistance payment ("HAP") contract between PHA and the owner.

5. The Michigan State Housing Development Authority is located in Detroit, Michigan.

6. This case involves the federal government (HUD) and involves questions of federal law under the Fair Housing Act, the Civil Rights Act the Rehabilitation Act and the Americans with Disabilities Act. It also involves questions of equal protection of the law and due process rights under the Constitution. I have also been deprived of my rights under 42 U. S. C. Section 1983.

7. All members of my household are disabled and receive SSI or SSD beneifts. We have all been declared disabled by the Social Security Administration. I suffer from a mental disability, diagnosed as paranoid schizophrenia and alcohol and drug addictions. Ashley Carleton suffers from multiple disabilities, including fetal alcohol syndrome, autistic and obedient defiant disorder, obsessive-compulsive disorder, blindness in one eye and deafness in one ear. Jerome Carleton suffers from drug addiction(s) and a full amputation of his right leg. These disabilities have prevented us from working and we are all dependent on governmental aid (Social Security and Section 8 Housing assistance) in order to survive and have affordable housing.

8. Mr. Carleton and I have drug related disabilities. Both MSHDA and Szajana and Associates were aware of this disability(ies) as I have forwarded to them our drug treatment records and documentation. We are both currently enrolled in drug treatment and rehabilitation programs and MSHDA and Szanaja are aware of this.

9. Over the past several years, I have filed on my behalf and on behalf of my daughter and Mr. Carleton multiple requests for accommodations under the Fair Housing Act, the Rehabilitation Act and the ADA. Many of these requests have been honored, however, MSHDA has ignored other requests and also have denied requests without stating a reason or explanation. MSHDA has retaliated against me for insisting on my rights and asking for help with our disabilities.

10. In 2019, I filed two requests for accommodations regarding disabilities, one for consideration under the "keys to ownership program" and another a request to relocate (transfer of my existing voucher) to a home with a bathroom accessible to Mr. Carleton. Shortly after making these requests MSHDA initiated an investigation of my grant and retaliated against my family by sending notices to terminate me. This retaliation was based only on my and my families disabilities and prior complaints to MSHDA and Szajna and Associates. These requests were either ignored or denied (for no apparent reason).

11. We are being terminated due to our disabilities in that my actions and those of Mr. Carleton are related to my mental disabilities and our (prior) drug problems. We have been denied reasonable accommodations based on our disabilities.

12. Reasonable accommodation would include considerations of our drug treatment and my continued mental health treatment, consideration of my daughter's conditions in continuing us in Section 8 housing.

13. We have been denied the opportunity to participate in or benefit from defendants' services, programs, or activities and were otherwise discriminated against by defendants, by reason of our disabilities.

14. MSHDA failed to provide reasonable accommodations to Ashley Carleton or consider her disabilities in making it's determination to terminate the section 8 voucher issued in this case. MSHDA knew that Ashley Carleton was disabled and did not consider or allow her parents to present mitigating circumstances to prevent the termination of the Section 8 voucher.

15 MSHDA has provided no accommodation to Ashley Carleton and has offered nothing to accommodate her and is punishing her and discriminating against her on the basis of her parents actions and disabilities.

16. MSHDA and HUD through MSHDA have retaliated against me and my family under Section 504 of the Rehabilitation Act and the ADA as we have continually fought against arbitrary actions of MSHDA, have filed multiple reasonable requests and demands under 504 and the ADA. We have also filed multiple requests under the FOI and have questioned past actions of the MSHDA. The actions taken by us were protected by law. MSHDA took adverse actions against us by denying reasonable requests, taking arbitrary actions, denying rights under law. All actions taken by MSHDA were connected to our multiple complaints, requests and demands.

## Violation of Due Process

17. I was accepted into the Section 8 Housing (voucher) program on June 1, 2017. On that date I signed HUD form 52646. I was finally accepted into the program after a wait of 15 years and delays based on my race and a criminal history. I needed to resort to asking my congressman for assistance in getting into the program.

18. The Michigan State Housing Development Authority sought termination of my Section 8 Voucher, by sending notices to me on June 3, 2019 and June 27, 2019, claiming several violations of the rules and regulations of the program. Two arrests were mentioned by MSHDA in seeking termination of our assistance.

19. The termination notice was based in part on an anonymous tip to a State "hotline." To this date, I have never seen this tip or any evidence that it exists.

20. I was unaware of the violations but I do know that the Michigan State Housing Development Authority were searching for any excuses to terminate my voucher, based on many FOI requests and ADA requests filed by me. They audited me when I requested ADA assistance to transfer my voucher to a residence that would satisfy the needs of my family (including but not limited to the disabilities of Jerome Carleton). I do not think that they did this to anyone else.

21. In order to prepare to defend myself (and my family) against the violations claimed by MSHDA, I sought information and documentation from the government to allow me to defend and present a defense.

22. On June 17, 2019 I filed a written request with MSHDA compliance asking for information that would allow me to defend and answer. MSHDA did not answer or respond.

23. On June 17, 2019, I filed an FOI request with MSHDA asking to look and examine my <u>entire</u> file. I was billed for the request, but I never got what I asked for, inspection of my entire file.

24. On July 16, 2019, I sent MSHDA and email saying that I could not safely proceed without the documents I requested in the June 17, 2019 letter. No response was made.

25. On August 5, 2019, I filed with the Administrative law judge who was assigned to hear my case a request for discovery, asking for specific information (13

things).

26. On August 13, 2019, Judge Plummer, the administrative law judge held a pretrial and I asked for the discovery and materials requested to prepare my case. The Judge stated that I should have the right to inspect my file but did not order it. Judge Plummer did not give me anything that I had requested in my written requests and so I was unable to prepare my case or defend against the notice of termination.

27. On August 15, 2019, I went to the local office of MSHDA to view and inspect my file. They did not have it, saying it was in Lansing.

28. On August 19, 2019, I filed another FOI request with MSHDA. This request was denied as the information was considered "personal."

29. As of the date of the filing of this complaint, I still have not seen my file or been provided with anything that would allow me to present my case or a defense(s). I am entitled by 42 U.S.C § 1437d(k) to have an opportunity to examine any documents or records or regulations related to my and my families Section 8 termination.

30. On September 24, 2019 a hearing was held on the action to evict me. I did not have the necessary documents to permit me to defend or respond to the claims of MSHDA. Therefore, I could not present defenses or question witnesses or present evidence. I lost and I did not get a fair hearing. Hearing officer Plummer avoided addressing my claims of ADA violations, claiming that it was not for the court to decide. Federal law states that persons who receive Section 8 housing cannot be discriminated against based on disabilities and that all factors must be taken into consideration in deciding to terminate Section 8 assistance. The hearing officer did not allow me to make any federal claims in the hearing. Later, the Director of MSHDA did not address my federal claims and defenses in making his determination. To this date, I have not had access to my file maintained by MSHDA.

31. At the hearing, only one witness testified and she did not have personal knowledge of any of the facts. Her testimony was all hearsay.

32. Since the date of my last hearing, I have filed several more FOI requests and MSHDA still refuses to give me any information or allow me to look at my file. I believe that my file contains information that would support my ADA, FHA and Rehabilitation Act claims. The file would show a pattern of discrimination and retaliation for my many claims. The file would also show that the claims brought against me were false.

33. At the September 24, 2019 hearing, which terminated my voucher, I was not

allowed to call witnesses or present evidence. This violated 24 C.F.R. § 982.555(e)(5). I did not get a fair hearing.

34. At the hearing held on September 24, 2019, the hearing officer relied on two arrests in order to terminate our Section 8 voucher. According to HUD Guidelines, PIH 2015-19, dated November 2, 2015, arrests may not be used as a basis for adverse actions by a public housing agency. Furthermore, contrary to HUD Guidelines the hearing officer did not consider the seriousness of the offenses, the fact that Jerome Carleton and I are both in recover and in rehabilitation or the effects that eviction would have on my minor daughter. The Director of MSHDA also failed to make these determinations in rendering a final decision.

35. The hearing officer and the Director of MSHDA did not make an individual inquiry as required by 24 C.F.R. § 9.131(c) as to the prior arrests of me and Mr. Carleton. I was acting in self-defense when attacked. I suffered injuries during the attack.

36. The administrative law judge did not give me any documents or discovery based on Michigan Administrative rule R 792.10116, which prohibits discovery in administrative hearings. This rule is contrary to CFR.

37. 982CFR.555(e) provides that I must be given all documents relevant to my case and an opportunity to inspect those documents before any hearing takes place. CFR and the Michigan Rules conflict. I was not given the information or documents that I needed to conduct a fair hearing.

38. The hearing officer and the Director of MSHDA are required by 24 CFR 982.552(c)(2)(iv) to consider reasonable accommodations(s). If the family includes a person with disabilities, the PHA's decision to terminate the family's assistance is subject to consideration of reasonable accommodation in accordance with 24 CFR Part 8.MSHDA Policy. If a family indicates that the behavior of a family member with a disability is the reason for a proposed termination of assistance, MSHDA will determine whether the behavior is related to the disability. Neither the Director or the hearing officer made any determination as to our disabilities and how it may be related to our disabilities. I was told this decision was to be left to another court.

39. The decisions of the hearing officer, Mr. Plummer and the Director were not in accordance with MSHDA policy or the law as neither myself or Mr. Carleton were involved in criminal activities which would exclude us from Section 8 housing. Drug-related criminal activity is defined by HUD as the illegal manufacture, sale,

distribution, or use of a drug, or the possession of a drug with intent to manufacture, sell, distribute or use the drug. Violent criminal activity means any criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause, serious bodily injury or property damage. Mr. Carleton was convicted of attempted use of a controlled substance and I am charged, but not convicted of simple assault (not likely to cause serious injury).

40. MSHDA did not comply with federal law in making a determination to terminate my family's section 8 voucher.

41. It is believed that MSHDA has made inconsistent application of standards in making it's determination(s) and conclusions in violation of Federal civil rights laws. I have asked to be provided (through Michigan FOI law) a listing of cases where persons have been terminated from Section 8 housing and the reasons for the eviction(s) and actions and MSHDA refuses to respond.

42. I was denied due process and a fair hearing: Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

### Breach of Contract-Agreement

43. I applied for participation in the Section 8 Housing Program on or about September 10, 2001. I asked for entry into the program as I am disabled and I did not wish to be homeless. My application was filed with Eastpointe Housing Commission (who represented MSHDA and HUD). I filed a written application and was told that since I was disabled, I would be placed at the top of the list.

44. Several years passed and I was not granted entry into the Program. I investigated and found out that I was placed, by number on a waiting list. When I asked why I was not moving up on the list, I was told it was because of funding.

45. In 2013. After waiting 12 years,, I sought assistance from my congressman. HUD sent me a letter saying I was near the top of the list.

46. In 2015 I made a second inquiry as to my status. This request went unanswered.

47. In September 2016, 15 years after applying, I was advised that I would be admitted to the Section 8 program shortly.

48. I had determined that I was not advancing in the program (list) due to my race.

49. Over one year later, in November, 2016 I had an interview. I told I was being denied based on a criminal history. My prior record could not be used against me and a complaint was filed with the Fair Housing Commission.

50. The Ferndale Housing Commission held a hearing and based on my entry into a drug and alcohol program, permitted me entry. Later, a dispute arouse about my income and again I won a hearing.

51. I was given an attorney, Mr. Gocha and he negotiated a settlement of my claims (discrimination based on race and criminal history) with MSHDA and HUD. The agreement was signed by all parties and represented a final settlement.

52. I was given a period of time to find housing. After locating a house, I made several ADA requests on behalf of my family (who were disabled).

53. MSHD and HUD, acting together, breached my agreement for a section 8 voucher and now seeks to exclude me from the program. The government must honor it's promises made in the settlement.


I am asking for the this relief:

1. An injunction to prevent my eviction and denial of Section 8 Housing. I will "suffer actual and imminent harm if injunctive relief is not granted, and such harm would not be remedied by monetary damages." See Estevez v. Cosmopolitan Assocs. LLC, 2005 WL 3164146, at *3 (E.D.N.Y. Nov. 28, 2005) (citing McNeill v. N.Y. City Hous. Auth., 719 F. Supp. 233, 254 (S.D.N.Y. 1989).

2. A full and fair hearing, where I am granted consideration of all factors stated in federal and state law are addressed. I am also asking that I be granted a hearing after being given access to all documents that I can use at my hearing.

3. The findings made by the administrative law judge and the Director of MSHDA be set aside, not being lawful.

4. Damages for breach of agreement and my rights under federal law.

_____
Deanna Tranchmontagne
15841 Dort Street
Roseville, Michigan    48066
586/863-8521

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Deanna Tranchmontagne

**(b)** County of Residence of First Listed Plaintiff: Macomb
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
Michigan State Housing Development Authority, Gary Heidel, Acting Director, and United States Department of Housing and Urban Development

County of Residence of First Listed Defendant: Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [X] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

443

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Denied Section 8 housing.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 25,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 10/17/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes    ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes    ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :



